Ms. Margaret T. Roberts Port Orange City Attorney 1000 City Center Circle Port Orange, Florida 32119
Dear Ms. Roberts:
On behalf of the City Council of the City of Port Orange you have asked for my opinion on substantially the following question:
Would the preparation and distribution of individual position statements on the same subject by several city council members to all other council members constitute an interaction or exchange by the council that would be subject to the requirements of the Government in the Sunshine Law?
In sum:
While this office would strongly discourage such activity, it would appear that council members of the City of Port Orange may prepare and distribute their own position statements to other council members without violating the Government in the Sunshine Law so long as the council members avoid any discussion or debate among themselves on these statements. However, to the extent that any such communication is a response to another commissioner's statement, it may constitute a violation of the Government in the Sunshine Law to circulate the responsive statement. Thus, this is problematical and it would be a better practice to discuss commissioners' individual positions on matters coming before the board during the course of an open meeting.
According to your letter, the city council members of the City of Port Orange make every effort to stay informed of city business through meetings, written information and discussions with the city manager. The city manager provides the city council members with copies of all correspondence and documents coming to his attention and maintains a reading file with printed copies of all correspondence and documents.
Apparently council members of the City of Port Orange occasionally prepare and circulate statements meant to communicate a particular council member's position on issues coming before the board. These position statements are distributed to the other members of the council but do not solicit comments or responses from other council members. The city manager places copies of these position statements in a public records file so that members of the public and press may read them. You are concerned that the circulation of these statements may constitute a violation of the Government in the Sunshine Law.
A number of Attorney General's Opinions have stated that members of a public board or commission may attend private forums sponsored by private organizations and express their position about issues facing the commission without violating the Sunshine Law, so long as they do not discuss or debate the issues among themselves.[1] This conclusion is based on the reasoning of Attorney General's Opinion 89-23, determining that the use of a written report by one city commissioner to inform other commissioners of a subject which will be discussed at a public meeting does not violate Florida's Government in the Sunshine Law if, prior to the public meeting, no interaction related to the report is allowed among the commissioners. As the opinion noted, the circumstances presented in the opinion did not appear to involve the use of a report as a substitute for action at a public meeting, nor did it appear that the report was provided to enable the city manager to act as an intermediary among the commissioners.
Similarly, this office has concluded that the Sunshine Law is not violated by a board member expressing his or her views or voting intent on an upcoming matter to a news reporter who the member knows will publish the account in a local newspaper prior to the meeting, as long as the member is not using the reporter as an intermediary to communicate with other members to circumvent or evade the requirements of the Sunshine Law.[2]
Attorney General's Opinion 98-79 considered whether a city commissioner or a group of commissioners could attend a community development board meeting and express their views on a proposed ordinance that had been referred by the city commission to the community development board for a recommendation. The city commissioners were interested in attending the meeting of the community development board at which the board considered the ordinance in order to express their support or opposition to the ordinance. Based on a review of case law and previously issued Attorney General Opinions, the 1998 opinion concluded:
"[A] city commissioner may attend a community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. However, the city commissioners attending such meeting should be cautioned not to engage in debate or discussion with each other. The adoption of the ordinance is a responsibility resting with the city commission, and the city commission's discussions and deliberations on the proposed ordinance must occur at a duly noticed city commission meeting."
In the Attorney General's most recent consideration of this issue, the question was whether it would be a violation of section286.011, Florida Statutes, for elected city commissioners to attend other city board meetings and comment on agenda items that might subsequently come before the commission for final action. Attorney General's Opinion 2000-68 relied on the reasoning of the earlier opinions discussed above to conclude that it was not a violation of the Sunshine Law for city commissioners to attend other city board meetings and comment on agenda items that might subsequently come before the commission for final action. However, the opinion cautions that city commissioners in attendance at such a meeting may not engage in a discussion or debate about the issues among themselves.[3]
Based upon these earlier determinations that the physical presence of board or commission members at functions where the ideological positions of other members were presented would not violate the Government in the Sunshine Law, it is my opinion that the virtual equivalent of such actions through the distribution of position statements would not violate the law. However, to the extent that any such communication is a response to another commissioner's statement, it may constitute a violation of the Government in the Sunshine Law to circulate the responsive statement. Thus, this practice is problematical and discussions of commissioners' individual positions on matters coming before the board for consideration might better be presented during the course of an open meeting.
In sum, while this office would strongly discourage such activity, it is my opinion that it is not a direct violation of the Government in the Sunshine Law for council members of the City of Port Orange to prepare and circulate their own written position statements to other council members so long as the council members avoid any discussion or debate among themselves on these statements. I would caution that the city council's discussions and deliberations on matters coming before the council must occur at a duly noticed city council meeting and the circulation of these position statements must not be used to circumvent the requirements of the statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Op. Att'y Gen. Fla. 81-42 (1981); and see, Ops. Att'y Gen. Fla. 00-68 (2000), 94-62 (1994) and 92-05 (1992), and Inf. Op. To Mr. John C. Randolf, dated June 4, 1996.
[2] Attorney General's Opinion 81-42 (1981).
[3] See also, Op. Att'y Gen. Fla. 94-62 (1994) (Sunshine Law does not apply to political forum sponsored by a private civic club during which county commissioners express their position on matters that may come before commission, so long as commissioners avoid discussions among themselves on these issues) and Op. Att'y Gen. Fla. 98-79 (1998), a city commissioner may attend a community development board meeting and express views on a proposed ordinance even though other city commissioners may be present.